UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALINA C. CIURAR,<br><br>              Plaintiff,<br><br>       v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>              Defendants. | No.  2:20-cv-2089 JAM DB PS<br><br><br>ORDER |

Plaintiff Magdalina C. Ciurar is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 2 & 4.)  Therein, plaintiff seeks reinstatement of a State of California issued pharmacy technician license and monetary damages.

The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

**I.     Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

1

1  leave to proceed in forma pauperis at the outset if it appears from the face of the proposed
2  complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d
3  1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th
4  Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th
5  Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed
6  IFP because it appears from the face of the amended complaint that McGee's action is frivolous
7  or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the
8  District Court to examine any application for leave to proceed in forma pauperis to determine
9  whether the proposed proceeding has merit and if it appears that the proceeding is without merit,
10 the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

11     Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
12 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
13 state a claim on which relief may be granted, or seeks monetary relief against an immune
14 defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an
15 arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
16 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a
17 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
18 factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

19     To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
20 state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
21 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
22 true the material allegations in the complaint and construes the allegations in the light most
23 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
24 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
25 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
26 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
27 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
28 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Amended Complaint

The amended complaint alleges that on April 29, 2018, plaintiff went to visit her son at Mule Creek prison and was detained after being found with "two hydrocodone pills." (Am. Compl. (ECF No. 4) at 3.) On August 10, 2018, plaintiff "pled no contest to violation of Penal Code Section 182, subdivision (a) conspiracy to commit a crime." (Id.) As a result, plaintiff's "Pharmacy Technician License" was "revoked." (Id.)

Pursuant to these allegations, the amended complaint alleges that the defendants violated plaintiff's rights under "Title VII of the Civil Rights Act of 1964[.]" (Id. at 6.) "Title VII exists in large part 'to make persons whole for injuries suffered on account of unlawful employment discrimination.'" Clemens v. Centurylink Inc., 874 F.3d 1113, 1115 (9th Cir. 2017) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)). To this end, "Title VII forbids certain employers from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Campbell v. Hawaii Department of Education, 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)).

The amended complaint, however, alleges that plaintiff's employer was "CVS Pharmacy," not the defendants. (Am. Compl. (ECF No. 4) at 10.) The amended complaint, therefore, fails to state a claim pursuant to Title VII.

The amended complaint also alleges that the defendants violated plaintiff's "Fourteenth Amendment rights" by not affording plaintiff "substantive due process." (Id. at 8.) "Courts have long recognized that licenses which enable one to pursue a profession or earn a livelihood are protected property interests for purposes of a Fourteenth Amendment analysis." Jones v. City of Modesto, 408 F.Supp.2d 935, 950 (E.D. Cal. 2005). "The Fourteenth Amendment protects

3

individuals against the deprivation of liberty or property by the government without due process. A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). A plaintiff may state a substantive due process claim where they show "they are unable to pursue an occupation . . . and, second, that this inability is due to actions that substantively were 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 65 (9th Cir. 1994) (quoting FDIC v. Henderson, 940 F.2d 465, 474 (9th Cir. 1991)).

However, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Here, the amended complaint names as defendants the State of California and the Department of Consumer Affairs. The Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars

suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."). "[T]he Eleventh Amendment [also] bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state." Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972-73 (9th Cir. 1994).

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

In this regard, plaintiff cannot bring a claim for violation of the Fourteenth Amendment against the State of California or the Department of Consumer Affairs. However, the amended complaint also alleges a claim for violation of the Fourteenth Amendment by Anne Sodergren "in her official capacity," and seeks prospective injunctive relief in the form of having plaintiff's Pharmacy License "reinstated." (Am. Compl. (ECF No. 4) at 1, 11.) The Supreme Court has "found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." Seminole Tribe of Fla. v. Fla., 116 517 U.S. 44, 73 (1996).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed now on the amended complaint's Fourteenth Amendment claim against defendant Anne Sodergren solely for prospective injunctive relief and serve defendant Sodergren as set forth below, and pursue only that claim against that defendant. Alternatively, plaintiff may forgo serving defendant Sodergren and attempt to further amend the amended complaint.

2. **If plaintiff elects to further amend the amended complaint to address the issues noted above, plaintiff has twenty-eight days so to do**, and shall skip the following service instructions (Nos. 4-10). Plaintiff is not obligated to amend the amended complaint. However, if plaintiff does so, the second amended complaint will also be subject to screening.[1]

3. **If plaintiff elects to proceed against defendant Anne Sodergren**, then within twenty-eight days, plaintiff must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all other defendants and all other claims without prejudice.

4. Service is appropriate for defendant Anne Sodergren.

5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

////

////

---

[1] Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint, just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any second amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

6. The Clerk of the Court shall send plaintiff, for each defendant in paragraph number 4, above: one USM-285, one summons, a copy of the amended complaint, and an appropriate form for consent to trial by a magistrate judge.

7. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph number 4, above, at least:

   a. One completed summons;

   b. One completed USM-285 form;

   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

   d. One copy of the instant order.

8. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

10. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

11. Plaintiff's October 19, 2020 motion to proceed in forma pauperis (ECF No. 2) is granted.

Dated: October 24, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\ciurar2089.part.serve.ord