UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALINA C. CIURAR, | No. 2:20-cv-2089 DAD DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff Magdalina C. Ciurar is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is defendant Anne Sodergren's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] (ECF No. 13.) For the reasons stated below, the undersigned recommends that defendant's motion to dismiss be granted and plaintiff's amended complaint be dismissed without further leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on October 19, 2020, by filing a complaint and a motion to proceed in forma pauperis. (ECF No. 1.) Plaintiff's in forma pauperis application was granted on April 1, 2021. (ECF No. 3.) Plaintiff is proceeding on an amended

---

[1] Defendant Sodergren is the sole defendant remaining in this action. (ECF No. 5.)

1

complaint filed on April 28, 2021.  (ECF No. 4.)  Therein, plaintiff alleges that on August 10, 2018, plaintiff pled no contest to violating California Penal Code § 182(a) "conspiracy to commit a crime," after plaintiff was found at Mule Creek State Prison in possession of two hydrocodone pills when attempting to visit her son.  (Am. Compl. (ECF No. 4) at 3.[2])  Thereafter, defendant Anne Sodergren, "in her official capacity as Interim Executive Office of the Board of Pharmacy" revoked plaintiff's Pharmacy Technician License.  (Id. at 3.)  Plaintiff is proceeding on a claim that the defendant's conduct violated plaintiff's rights under the Fourteenth Amendment.  (ECF No. 5 at 6.)

Defendant filed a motion to dismiss on July 21, 2022.  (ECF No. 13.)  Plaintiff filed an opposition on August 30, 2022.  (ECF No. 18.)  Defendant filed a reply on September 9, 2022.  (ECF No. 19.)  Defendant's motion was taken under submission on September 19, 2022.  (ECF No. 20.)

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

Review of defendant's motion to dismiss and the amended complaint finds that defendant's motion to dismiss should be granted for the reasons articulated therein and below.

### A.     Failure to Exhaust

"Under federal common law, federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of United States v. Utah Construction & Mining Co., 384 U.S. 394 (1966) (the "Utah Construction" standard).  Doe v. Regents of the University of California, 891 F.3d 1147, 1154 (9th Cir. 2018).  "Because California has adopted the Utah Construction standard, we give preclusive effect to a state administrative decision if the California courts would do so." Id. at 1155.

////

1    "A § 1983 claim is precluded where a plaintiff has failed to exhaust judicial remedies in state court." Reel v. City of El Centro, Case No. 22-cv-526-W-(KSC), 2022 WL 14915608, at *10 (S.D. Cal. Oct. 25, 2022). "To exhaust judicial remedies, a party must file a petition for a writ of administrative mandate under California Code of Civil Procedure section 1094." Freeman v. City of Port Hueneme, 800 Fed. Appx. 562 (9th Cir. 2020).

Here, defendant has requested judicial notice of the August 26, 2019 decision of the Board of Pharmacy by Administrative Law Judge Coren D. Wong revoking plaintiff's Pharmacy Technician License after finding that plaintiff conspired to knowingly posses a controlled substance in Mule Creek State Prison. (Def.'s Req. JDN (ECF No. 14) at 28-40.[3]) Defendant also seeks judicial notice of the November 4, 2019 decision denying plaintiff's request for reconsideration. (Id. at 60-61.) As a result of the November 4, 2019 decision, pursuant to California law, plaintiff had "30 days after the last day on which reconsideration can be ordered" to file a petition for writ of mandate in superior court. Cal. Gov. Code § 11523.

Here, there is no dispute that plaintiff did not file a petition for writ of mandate. Instead, plaintiff simply alleges that plaintiff "never received the appeal decision in writing," and was later "told that my request was denied." (Pl.'s Opp'n (ECF No. 18) at 1.) "Where, as here, administrative mandate lies, failure to exhaust administrative remedies bars a civil action challenging the Administrative [] decision." Massey v. Biola University, Inc., Case No. 2:19-cv-9626 CJC JDE, 2020 WL 2476173, at *6 (C.D. Cal. Apr. 10, 2020).

**II.    Failure to State a Claim**

As noted above, plaintiff is proceeding on a claim bought pursuant to the Fourteenth Amendment. "Courts have long recognized that licenses which enable one to pursue a profession or earn a livelihood are protected property interests for purposes of a Fourteenth Amendment analysis." Jones v. City of Modesto, 408 F.Supp.2d 935, 950 (E.D. Cal. 2005). "The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government

---

[3] "Judicial notice is appropriate for records and 'reports of administrative bodies.'" United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1954)).

without due process. A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). A plaintiff may state a substance due process claim where they show "they are unable to pursue an occupation . . . and, second, that this inability is due to actions that substantively were 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 65 (9th Cir. 1994) (quoting FDIC v. Henderson, 940 F.2d 465, 474 (9th Cir. 1991)).

Here, the amended complaint alleges in a vague and conclusory manner that plaintiff "should be afforded substantive due process," and that plaintiff "was not afforded a fair legal process." (Am. Compl. (ECF No. 4) at 8.) However, "[t]he use of substantive due process to extend constitutional protection to economic and property rights has been 'largely discredited'" as such conduct is more appropriately "covered by procedural due process[.]" Jones v. City of Modesto, 408 F.Supp.2d 935, 957 (E.D. Cal. 2005) (quoting Armendariz v. Penman, 75 F.3d 1311, 1318-19 (9th Cir. 1996)).

Even assuming *arguendo* that substantive due process was at issue, it cannot be said that the decision of the Board of Pharmacy to revoke plaintiff's license was clearly arbitrary and unreasonable. In this regard, according to the amended complaint's allegations plaintiff's license was revoked after plaintiff "pled no contest to violation of Penal Code Section 182, subdivision (a) conspiracy to commit a crime" as a result of plaintiff's "possession of two hydrocodone pills . . . when preparing to enter Mule Creek prison to visit . . . an inmate." (Am. Compl. (ECF No. 4) at 3.) "Statutes that require or allow revocation of professional licenses after a licensee has been convicted of a crime routinely pass constitutional muster." West v. Bailey, No. 11cv1760 MMA (POR), 2012 WL 993301, at *5 (S.D. Cal. Mar. 23, 2012).

Moreover, there appears to be no credible allegations that the process afforded plaintiff did not satisfy the requirements of procedural due process. In this regard, after plaintiff's criminal conviction pursuant to plaintiff's no contest plea, plaintiff was served with an

1  "ACCUSATION" by the Board of Pharmacy.  The Accusation set forth the factual allegations
2  asserted against plaintiff, the causes of action, and the requested relief (the suspension or
3  revocation of plaintiff's Pharmacy License).  (Def.'s RJN (ECF No. 14) at 20-25.)  Thereafter,
4  evidence was gathered and a hearing was held at which plaintiff was allowed to present
5  testimony.  (Id. at 28-40.)  A written decision was then issued, which was served on plaintiff and
6  allowed plaintiff an opportunity to seek reconsideration.  (Id. at 28-42.)  Plaintiff sought
7  reconsideration and plaintiff's request for reconsideration was denied.  (Id. at 42-61.)  Thereafter,
8  plaintiff's license was revoked.  (Id. at 61.)  Pursuant to California law plaintiff was permitted to,
9  but did not, file a petition for writ of mandamus in superior court.  Cal. Gov. Code § 11523.

10  Plaintiff fails to allege how such conduct violated plaintiff's right to procedural due
11  process.  See generally Goss v. Lopez, 419 U.S. 565, 579 (1975) ("The fundamental requisite of
12  due process of law is the opportunity to be heard."); Miranda v. City of Casa Grande, 15 F.4th
13  1219, 1225 (9th Cir. 2021) ("The touchstone of procedural due process is notice and an
14  opportunity to be heard."); State of California ex rel. Lockyer v. FERC, 329 F.3d 700, 708 n.6
15  (9th Cir. 2003) ("Constitutional due process requires that a party affected by government action
16  be given the opportunity to be heard at a meaningful time and in a meaningful manner.").

17  Accordingly, the undersigned recommends that defendant's motion to dismiss be granted.[4]

## II.  Leave to Amend

19  For the reasons stated above, plaintiff's amended complaint should be dismissed.  The
20  undersigned has carefully considered whether plaintiff may further amend the complaint to state a
21  claim upon which relief can be granted.  "Valid reasons for denying leave to amend include
22  undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan
23  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath
24  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall
25  be freely given, the court does not have to allow futile amendments).

---

[4] Defendant's motion to dismiss also argues that plaintiff lacks standing to seek injunctive relief against defendant Sodergren because it was the Pharmacy Board that revoked plaintiff's license, not the defendant.  (Def.'s MTD (ECF No. 13-1) at 7.)  Given the above findings and recommendations, the undersigned need not reach this argument.

Here, in light of the deficiencies noted above, the undersigned finds that granting plaintiff further leave to amend would be futile.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's July 21, 2022 motion to dismiss (ECF No. 13) be granted; and

2. The April 28, 2021 amended complaint (ECF No. 4) be dismissed without prejudice; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 23, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\ciurar2089.dism.f&rs